UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **FRANEQUA JONES** | **CIV. ACTION NO. 3:22-05312** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LINCOLN PARISH DETENTION CENTER COMMISSION, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 51] filed by Defendant, Lincoln Parish Sheriff's Office ("LPSO"). The motion is unopposed. For reasons detailed below, it is recommended that the motion be granted.

## Background

On September 23, 2022, Franequa Jones ("Ms. Jones") filed the instant civil rights action under 42 U.S.C. § 1983 against various named and unnamed Defendants for violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution stemming from the death of her son, Demerious Jones, who succumbed to diabetic ketoacidosis (DKA) while in the custody of Defendant, Lincoln Parish Detention Center Commission. (Compl. [doc. # 1]). Ms. Jones filed an amended complaint on October 14, 2022. (1st Suppl. & Amend. Compl. [doc. # 5]). However, Ms. Jones had actually passed away one week earlier on October 6, 2022. *See* M/Substitute [doc. # 30]. Accordingly, on February 24, 2023, Key'zarious Jones ("Jones"), the only sibling of Demerious Jones and the lone surviving child of Ms. Jones, was substituted as Plaintiff, in lieu of Ms. Jones. (M/Substitute and Order [doc. #s 30, 40]).

On April 12, 2023, Jones filed a Second Supplemental and Amending Complaint

("SSAC") that, as relevant here, added Defendant, Lincoln Parish Sheriff's Office ("LPSO"). (SSAC [doc. # 47]).

On May 10, 2023, Defendant, LPSO filed the instant motion to dismiss for failure to state a claim upon which relief can be granted on the basis that it is not an entity capable of being sued. Jones did not file a response to the motion, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 54]. Accordingly, the motion is deemed unopposed. *Id*.

Meanwhile, on July 17, 2023, Jones filed a Third Supplemental and Amending Complaint ("TSAC"). (TSAC [doc. # 61]). The TSAC, like the SSAC before it, included the LPSO as a Defendant in the matter. *Id*. At this point, the TSAC is the operative pleading in the case.[1] Under these circumstances, the Fifth Circuit has explained that,

> defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. Rather, [i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.

*Rountree v. Dyson,* 892 F.3d 681, 683–84 (5th Cir. 2018) (internal quotation marks omitted and citations omitted).

Accordingly, the court will consider the LPSO's pending, and unopposed, motion to dismiss as being addressed towards the TSAC. *Rountree, supra*.

### **Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state

---

[1] An "amended complaint supersedes the original complaint and renders it of no legal effect, unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)). Here, the TSAC expressly incorporated, but also realleged pertinent provisions from the prior amended complaints. *See* TSAC.

2

a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citation omitted). A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

### Analysis

The LPSO seeks dismissal because it lacks the capacity to be sued. Under Federal Rule of Civil Procedure 17(b), "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). Thus, the law of Louisiana controls here. *See, e.g., Union Pac. R.R. Co. v. Taylor Truck Line, Inc.*, Civ. Action No. 15-0074, 2016 WL 7480504, at *3 (W.D. La. Oct. 31, 2016), *R&R adopted*, 2016 WL 7473776 (W.D. La. Dec. 28, 2016). For an entity to have the capacity to be sued under Louisiana law, it must qualify as a "juridical person." *Id.* (citing *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir. 2006)). A "juridical person" is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ART. 24. "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity."

*Brown v. City of Alexandria*, Civ. Action No. 17-0798, 2018 WL 2425097, at *2 (W.D. La. May 29, 2018) (citations omitted).

Here, Jones presented no facts or argument to show that the LPSO is a cognizable legal entity. Furthermore, the Fifth Circuit has recognized that "a sheriff's office is not a legal entity capable of being sued." *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002). In addition, other courts uniformly hold that Louisiana sheriff's *offices* or sheriff's *departments* (as opposed to the sheriff him or herself) are not juridical entities capable of being sued. *Sipes v. City of Monroe*, Civ. Action No. 11-1668, 2013 WL 1282457, at *3 (W.D. La. Mar. 28, 2013) (collecting cases); *Price v. Orleans Par. Sheriff's Office*, Civ. Action No. 15-5461, 2016 WL 6477035, at *2 (E.D. La. July 22, 2016), *R&R adopted*, 2016 WL 6441278 (E.D. La. Nov. 1, 2016).

Accordingly, because the LPSO lacks the capacity to be sued, Jones's claims against said Defendant are subject to dismissal, with prejudice. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3114 (5th Cir. 1991) (affirming district court's dismissal of a defendant, with prejudice, because it could not be sued as an independent entity).

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that Defendant, Lincoln Parish Sheriff's Office's motion to dismiss for failure to state a claim upon which can be granted [doc. # 51] be GRANTED, and that Plaintiff Key'zarious Jones's claims against said Defendant only be DISMISSED, with prejudice. FED. R. CIV. P. 12(b)(6).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

      A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

      In Chambers, at Monroe, Louisiana, on this 31st day of July, 2023.

                                                  /s/ Kayla Dye McClusky
                                              KAYLA DYE MCCLUSKY
                                              UNITED STATES MAGISTRATE JUDGE